Khan v. Garland

BIA
Vomacka, IJ
A206 283 730

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of March, two thousand twenty-three.

PRESENT:
  RICHARD C. WESLEY,
  STEVEN J. MENASHI,
  EUNICE C. LEE,
      *Circuit Judges.*

_____

APPEL MAHMUD KHAN,
      *Petitioner,*

      v.                                    20-4058
                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:          Usman B. Ahmad, Esq., Long Island City, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant Attorney General; Paul Fiorino,

Senior Litigation Counsel; Robert Dale Tennyson, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Appel Mahmud Khan, a native and citizen of Bangladesh, seeks review of a September 15, 2020, decision of the BIA affirming a May 23, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Appel Mahmud Khan,* No. A 206 283 730 (B.I.A. Sept. 15, 2020), *aff'g* No. A 206 283 730 (Immig. Ct. N.Y. City May 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). "Congress has specified that 'the administrative findings of fact are conclusive unless any reasonable adjudicator would be

compelled to conclude to the contrary.'" *Singh v. Garland*, 11 F.4th 106, 112-13 (2d Cir. 2021) (quoting 8 U.S.C. § 1252(b)(4)(B)). Accordingly, we review adverse credibility determinations for "substantial evidence." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant facts, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's adverse credibility determination. Khan alleged that he was severely

beaten in 2012 and 2013 by members of the Awami League ("AL") because of his support of the Bangladesh Nationalist Party ("BNP"), and that both attacks resulted in his hospitalization.

As an initial matter, the IJ did not err in admitting the record of Khan's asylum interview as impeachment evidence, or in relying on the record of that interview in addressing credibility. Impeachment evidence may be submitted at any time. *See* Immigr. Ct. Prac. Man., Ch. 3.1(b)(2)(B). [1] Moreover, the agency may rely on inconsistencies between an interview statements and hearing testimony if the interview record is reliable. *See* 8 U.S.C. § 1158(b)(B)(iii); *Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006). Khan's asylum interview bore sufficient indicia of reliability as it was typed, memorialized in a question-and-answer format, conducted in his native language of Bengali, and sworn and dated. *Diallo*, 445 F.3d at 632–33.

As the agency found, a comparison of the interview record and Khan's later statements and testimony revealed inconsistencies about when he attended BNP rallies, the

---

[1] Available at https://www.justice.gov/eoir/reference-materials/ic/chapter-3/1.

4

severity of alleged beatings in 2012 and 2013, whether he reported both attacks to police, and how many people attended the 2012 rally (a few hundred or a few thousand). These inconsistencies constitute substantial evidence for the adverse credibility determination, particularly as they relate directly to the alleged persecution: "[T]he greater the importance of the fact upon which inconsistency is found for the success of the petition . . . the more likely it is that a truthful account would not have included the inconsistency." *Singh v. Garland*, 6 F.4th 418, 431 (2d Cir. 2021); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

The adverse credibility determination is bolstered by the IJ's demeanor finding to which we give particular deference, *see Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006), and the lack of reliable corroboration, *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her

5

testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in declining to credit Khan's documentary evidence. Letters from Khan's former co-workers did not clarify whether he reported attacks to the police, and the authors were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that weight of documentary evidence is within agency's discretion); *see also Likai Gao*, 968 F.3d at 149 (holding that IJ acted within her discretion in declining to credit evidence from witnesses who were unavailable for cross-examination). And the IJ reasonably gave limited weight to medical records, particularly as the letter confirming treatment for leg and chest injuries was from a psychiatrist. *See Y.C.*, 741 F.3d at 332.

Given the inconsistencies, the IJ's demeanor finding, and the lack of reliable corroboration, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 272–73. The adverse credibility determination

is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court